## CARUTHERS v. CARUTHERS.

CHANCERY PRACTICE. *Administration. Creditors. When quasi parties.* An administrator, with the will annexed, filed a bill against the heirs, devisees and legatees of the testator, for the purpose of executing, under the orders of the court, a power conferred upon the executor by the will to sell land for the payment of debts, and obtained a decree accordingly, under which some of the creditors came in by petition and had their claims allowed without objection, after which an order was made directing the master to ascertain and report the other indebtedness of the estate, and he reported certain claims, to the allow-

Caruthers *v.* Caruthers.

ance of which exceptions were filed. *Held,* on appeal from the ruling of the Chancellor on the exceptions, that an objection for the first time made in this court to the form of the proceedings could not be entertained; that the creditors whose claims were admitted by the master were *quasi* parties to the suit, and their coming in under the order would be a bar to all other proceedings on their part.

FROM MADISON.

Appeal from the Chancery Court at Jackson. H. J. LIVINGSTON, Ch.

H. W. McCORRY and E. S. MALLORY for complainant.

E. L. BULLOCK, J. L. H. TOMLIN and H. E. JACKSON for defendants.

COOPER, J., delivered the opinion of the court.

In March, 1863, James Caruthers died testate. His will was admitted to probate in October, 1865, and the executor named therein having died also, the complainant, J. H. Caruthers, was appointed and qualified as administrator, with the will annexed. The testator, by his will, directed his debts to be paid as soon as possible out of any money he might be possessed of, or which should first come to the hands of his executor, and gave the executor "full power to sell and convey" any of the testator's property, "real or personal," for the purpose of paying debts and supporting the testator's children. The power thus given vested in the administrator with will annexed by statute. Code, sec. 2240. *Harrison* v. *Henderson,* 7 Heis., 316, 347. The bill in this case was filed on the

10th of August, 1866, against the heirs, devisees and
legatees of the testator, for the purpose of executing
the trusts of the will, and especially the trust for the
sale of land to pay the debts. The bill stated the
personal assets which came to the complainant's hands
as administrator, and the amount which would proba-
bly be realized, about $4000, that the debts already
presented, a list of which, giving the names of the
creditors and the principal of their respective debts,
was inserted, amounted to $29,125, and that the ad-
dition of interest and other debts would run up the
total indebtedness to near $40,000. The bill gave a
detailed statement of the lands of which the testator
died possessed, and asked that the court decree a sale
of said realty, or so much thereof as may be neces-
sary to pay the debts and carry out the provisions
of the will for the support of the testator's children
and grandchild. The adult defendants answered the
bill, admitting the existence of the indebtedness as
stated, though not all the details, and the necessity of
a sale of the realty to pay debts. The cause was
heard on the 20th of August, 1866, upon the plead-
ings, and it was referred to the master to take proof
and report the amount of the indebtedness of the es-
tate, the amount of available personal assets, and whether
a sale of the realty was necessary to pay debts, and
to carry out the provisions of the will. The master
made his report to the same term, showing an in-
debtedness of about $30,000, and that the available
personal assets would not be over $4,000, and that it
was absolutely necessary to sell land to pay the debts

Caruthers *v.* Caruthers.

and execute the provisions of the will. The report not being excepted to, was confirmed by the court upon a final hearing on the pleadings and report, and the decree, after reciting the facts, declared that it appeared to the court that said estate was indebted in a large amount, to-wit, about the sum of $30,000; that the available personal assets did not exceed $4,000, and was, of course, insufficient to pay the debts, and decreed that the complainant be appointed special commissioner to sell the lands set out in the bill and decree, or so much thereof as may be necessary to pay the debts and support and educate the testator's infant children. This decree was never appealed from. Afterward, from time to time, several creditors of the estate came in by petition, had their claims referred to the master to be reported on, and obtained decrees without objection. On the 7th of December, 1873, a decree was rendered which, after sustaining these claims, referred it to the master to take proof and report the other indebtedness of the estate, what lands had been sold, the manner in which the proceeds of sale had been applied, and the realty not yet sold. The master made his report, and the defendants filed exceptions to some of the debts, which, at the June term, 1874, were overruled, the report confirmed, except as to the claims of Garland and Theus, and the lands ordered to be sold in satisfaction thereof. The defendants appealed from this decree, and Theus and Garland afterward brought up the case by writ of error.

At the last term this court held, in substance, that

the bill was not filed for the purpose of administer-
ing the testator's estate under our insolvent or other
statute laws, by which the creditors are required to
become parties to the proceeding by petition and an-
swer. *Reid* v. *Huff*, 9 Hum., 345. That it was a
bill to execute the trusts of the will of James Ca-
ruthers, and the power of sale to pay debts, etc.
That the decree of the 24th of August, 1866, was in
full force, binding on the parties; that the creditors
who had come in by petition and had their claims
passed upon without objection, had acquired valid rights
under the decrees. The decrees were, therefore, af-
firmed, and the case remanded for the purpose of ex-
ecuting them by a sale of the lands, but retained in
this court as to three claims against the estate for a
re-argument. These claims are those of Ewell and
wife, E. F. McKnight, and Theus and Garland, the
first two of which are included in the list of claims
in the bill. The main objection to all of these claims
is that the creditors have never made themselves par-
ties to the suit, nor are they made parties by the
frame of the bill. This objection would be entitled
to grave consideration if the bill had been filed under
our statute laws. For, in such cases, the practice is
to treat the creditors as parties, made so by name in
the bill, or by petition subsequently. Even in these
cases, however, the mention of the creditors by name
in the bill as having just claims against the estate,
would probably make them parties within the spirit
of our decisions. *Henderson* v. *McGhee*, 6 Heis., 55.
This bill, as we have seen, is not such a suit. Its

object was to enable the administrator to execute the trusts of the will, and especially in the sale of land for the payment of debts, under the orders of the court. Under such a bill, after a decree has been rendered declaring the trusts and ordering a sale, it is an order, of course, for creditors to file their claims. And when the master has admitted the claim of a creditor, he becomes *quasi* a party to the suit, and it is not necessary to bring him before the court by a supplemental bill, or petition by himself. 2 Dan. Ch. Pr., 1211 (4th Ed). The parties to this suit seem to have entrusted the administrator with the settlement of the debts, but the decree of the 5th of December, 1873, expressly directs the master to ascertain and report the unpaid debts. It is intimated that this order was at the instance of the court, not the parties. But the court acts only upon the application of parties, and the decree does not show that it was made otherwise than in the regular way. It is also suggested that the creditors did not appear and present their own claims. But the record shows that the claims were admitted by the master, which could only be legally upon the presentation of the claim by the creditor, and besides, the creditor might adopt the act. In either event, the act would be a bar to all other proceedings on his part. *Neve* v. *Weston*, 3 Atk., 557; 2 Dan. Ch. Pr., 1617. The exceptions, moreover, on which the action of the court is invoked, raise no such issues, and the objection cannot be made in this court.

Another objection urged is, that the claims are

Caruthers v. Caruthers.

barred by the statute of seven years; but the exception actually taken is, that suit was not brought within seven years from the death of the testator, or the qualification of the administrator. The recovery of judgment on each of these claims against the administrator meets this objection. *Henry* v. *Mills*, 1 Lea, 144. The Ewell judgment is sufficiently shown, *prima facie*, by the record introduced by the defendants in support of one of the exceptions (*Duncan* v. *Gibbs*, 1 Yer., 256), while it does not support that particular exception because, although the creditors may not have been parties to this suit at the filing of the bill, they may have become so before the exception was filed, based on that ground. And the pendency of an independent bill by a creditor, where there had been no decree, is not a bar to the creditor coming in under the reference. 2 Dan. Ch. Pr., 1614.

The judgment in favor of Theus and Garland against the administrator is by confession under a power of attorney. The judgment recites the power, which is sufficient in form. It does not recite that the execution of the power was proved, nor does the Code, secs. 2978, 2979, prescribing the mode and effect of a judgment by confession, demand such a requirement. And although both the judgment and the power bear date after the expiration of two years and six months from the qualification of the administrator, *non constat,* that the delay was not at the special request of the administrator.

The exceptions to these claims are not well taken, and the decree of the Chancellor must be affirmed as

to the claims of Ewell and wife and McKnight, and reversed as to the claims of Theus and Garland.

The cause will be remanded for further proceedings.